IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  09-20869-CIV-GRAHAM-TORRES

FRANCISCO TORNA, JULIO C. SENECA and
all others similarly situated under 29 USC
216(B),

    Plaintiff,

vs.

WING TRANSPORTATION CORP., G&M
TRANSPORTATION, INC., GILBERTO
MARTIN, DOLORES MARTIN,
LOGISTICARE SOLUTIONS, LLC and
RED TOP TRANSPORTATION, INC.

    Defendants.

_____/

**DEFENDANTS LOGISTICARE SOLUTIONS, LLC AND RED TOP
TRANSPORTATION, INC.'S MOTION TO DISMISS AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

    Defendants, LogistiCare Solutions, LLC and Red Top Transportation, Inc. (collectively "Defendants"), through undersigned counsel and pursuant to Fed. R. Civ. P. 8(a), 12(b)(6) and 12(e) and the Local Rules of this Court, move this Court for entry of an Order dismissing the Amended Complaint filed against them by Plaintiffs, Francisco Torna and Julio C. Seneca ("Plaintiffs"), on the grounds that it fails to state a cause of action or, alternatively move, for an Order directing Plaintiffs to file a more definite statement, and in support state as follows:

### I.  INTRODUCTION

    1.    On April 22, 2009, Plaintiffs filed an Amended Complaint [DE 7] against Defendants in this matter, the nucleus of which surrounds alleged violations of the overtime

wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* The Amended Complaint also appears to allege a claim based on violations of a "Dade County Code" regarding living wages, but fails to allege with any specificity the exact provision, section or chapter of the alleged "Dade County Code," "Dade County regulations" or "County Codes" under which Plaintiffs are traveling. *See* Amended Complaint, ¶¶8, 11-13. Further, while Plaintiffs refer in passing to the "Dade County Code," "Dade County regulations" and "County Codes," it is unclear whether Plaintiffs even claim relief under such a "Code" or "regulation" as Plaintiffs have failed to make any demand for relief pursuant to same in the wherefore clause.

2. As discussed more fully below, Plaintiffs' Amended Complaint fails to state a cause of action. Specifically, Plaintiffs have failed to state a cause of action for alleged violation of the "Dade County Code" regarding living wages as Plaintiffs have failed to specify the "Dade County Code" under which Plaintiffs seek relief. Accordingly, this Court should dismiss Plaintiffs' Amended Complaint for failure to state a cause of action. Alternatively, this Court should direct Plaintiffs to file a more definite statement with respect to their claims allegedly arising under the Dade County Code in order to permit Defendants to frame a proper response thereto.

3. A proposed Order Granting Defendants LogistiCare Solutions, LLC and Red Top Transportation, Inc.'s Motion to Dismiss Amended Complaint is attached as Exhibit "A."

## II. MEMORANDUM OF LAW

### a. Standard For Granting Motion To Dismiss.

In the context of a motion to dismiss, courts generally "accept as true the factual allegations in [a] plaintiff's complaint and construe the facts in a light most favorable to the plaintiff." *Neal v. Fulton County Bd. of Educ.*, 229 F.3d 1069, 1072 (11th Cir. 2000) (*citing*

*Parr v. Woodmen of World Life Ins. Co.*, 791 F.2d 888, 889 (11th Cir. 1986)). Further, "[a] motion to dismiss is only granted when the movant demonstrates 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

### b. Plaintiffs' Amended Complaint Fails To Provide Defendants With Sufficient Notice As To The Specific "Dade County Code" Under Which Plaintiffs Are Traveling.

Plaintiffs' Amended Complaint appears to allege violations of a "Dade County Code" regarding living wages. *See* Complaint, ¶¶8, 11-13. However, Plaintiffs fail to specify the "Dade County Code" under which they allege such violations. Indeed, and contrary to paragraph 13 of the Amended Complaint, Plaintiffs fail to set forth any reference to any such code anywhere in the Amended Complaint.

Fed. R. Civ. P. 8(a) provides that, in order to state a claim for relief, a pleading must contain the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In this case, the Amended Complaint is deficient in that such pleading fails to indicate what "Dade County Code" entitles Plaintiffs to any relief in this case. The Amended Complaint further fails to provide Defendants with proper notice as to what "Dade County Code" Plaintiffs rely upon. *See Dimuccio v. D'Ambra*, 779 F.Supp. 1318, 1322 (M.D. Fla. 1991) ("function of a

complaint under the federal rules is to give the defendant fair notice of plaintiff's claim and the grounds on which the plaintiff relies" (citing *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Accordingly, Plaintiffs' Amended Complaint based on violations of the "Dade County Code" should be dismissed without prejudice.

      **c. Plaintiffs Should Be Directed To File A More Definite Statement As To Their Claims Allegedly Arising Under the "Dade County Code" In Order To Permit Defendants To Frame A Proper Response Thereto.**

In the event this Court does not grant Defendants' motion to dismiss Plaintiffs' Amended Complaint for violation of the "Dade County Code," this Court should direct Plaintiffs to file a more definite statement as to same in order to permit Defendants to frame a responsive pleading thereto. Fed. R. Civ. P. 12(e) provides as follows: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Here, Plaintiffs' allegations involving violations of the "Dade County Code" and request for relief under same are vague and ambiguous in that they do not specify the title, section, chapter or provision of the "Dade County Code" under which Plaintiffs are traveling. Moreover, Plaintiffs fail to make any claim for relief under any "Dade County Code" or regulation in the wherefore clause. Therefore, Plaintiffs should be directed to file a more definite statement in connection with their claims under the alleged "Dade County Code" if the Amended Complaint is not dismissed on such grounds.

### III. CONCLUSION

Plaintiffs have failed to state a cause of action for alleged violation of the "Dade County Code" regarding living wages as Plaintiffs have failed to specify exactly what "Dade County Code" under which Plaintiffs seek relief.

CASE NO. 09-20869-CIV-GRAHAM-TORRES

WHEREFORE, Defendants, LogistiCare Solutions, LLC and Red Top Transportation, Inc., respectfully request the entry of an order as follows:

a. Dismissing Plaintiffs' Amended Complaint based on alleged violations of the "Dade County Code," without prejudice, for failure to state a cause of action;

b. Alternatively directing Plaintiffs to file a more definite statement as to their claims under the alleged "Dade County Code;"

c. Alternatively striking reference to any "Dade County Code" in the event Plaintiffs are not attempting to state a claim for relief under any such code; and

d. Granting such further relief as this Court deems proper.

Respectfully submitted,

Dated: May 21, 2009~~May 18, 2009~~ Katzen_____

By: _____/s/ Diane Wagner

Diane Wagner Katzen
Fla. Bar No. 0435635
dkatzen@richmangreer.com
Melissa Fernandez
Fla. Bar No. 0665851
mfernandez@richmangreer.com
RICHMAN GREER, P.A.
Miami Center – Suite 1000
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-4000
Facsimile: (305) 373-4099
*Attorneys for Defendants*
*LogistiCare Solutions, LLC and*
*Red Top Transportation, Inc.*

CASE NO.  09-20869-CIV-GRAHAM-TORRES

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on May 21, 2009May 18, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


By:   /s/ Diane Wagner Katzen_____
Diane Wagner Katzen

**RICHMAN GREER, P.A.**

**Miami ● West Palm Beach**

CASE NO.  09-20869-CIV-GRAHAM-TORRES

## SERVICE LIST
*Torna v. Wing Transportation Corp., et al.*
CASE NO.: 09-20869-CIV-GRAHAM-TORRES
United States District Court, Southern District of Florida

| | |
|---|---|
| J.H. Zidell, Esq.<br>ZABOGADO@aol.com<br>K. David Kelly, Esq.<br>KRL_Kelly@yahoo.com<br>J.H. Zidell, P.A.<br>300  71st Street<br>Suite 605<br>Miami Beach, Florida 33141<br>Telephone: (305) 865-6766<br>Facsimile: (305) 865-7167<br>*Attorneys for Plaintiff*<br>**(VIA CM/ECF)** | Diane Wagner Katzen, Esq.<br>dkatzen@richmangreer.com<br>Melissa Fernandez, Esq.<br>mfernandez@richmangreer.com<br>Richman Greer, P.A.<br>Miami Center – Suite 1000<br>201 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 373-4000<br>Facsimile: (305) 373-4099<br>*Attorneys for Defendants LogistiCare Solutions, LLC and Red Top Transportation, Inc.*<br>**(VIA CM/ECF)** |