UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 09-20869-CIV-GRAHAM/TORRES
<u>CONSENT CASE</u>

FRANCISCO TORNA, JULIO
C. SENECA, JORGE VALDES, GRABIEL
DOMINGUEZ, RAMSES GARCET,
JUAN ANTONIO PRIETO and all others similarly
situated under 29 USC 216(B),

    Plaintiffs
vs.

WING TRANSPORTATION CORP.
G&M TRANSPORTATION, INC.
GILBERTO MARTIN
DOLORES MARTIN
LOGISTICARE SOLUTIONS, LLC
RED TOP TRANSPORTATION, INC.

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND
<u>RELEASE AND DISMISSAL WITH PREJUDICE</u>**

Plaintiffs Francisco Torna, Julio C. Seneca, Jorge Valdes, Grabiel Dominguez, Ramses Garcet, Juan Antonio Prieto (hereinafter collectively "Plaintiffs") and Defendants Wing Transportation Corp, G&M Transportation, Inc., Gilberto Martin, Dolores Martin, Logisticare Solutions, LLC and Red Top Transportation, Inc. by and through undersigned Counsel, file this Joint Motion for Approval of Parties' Settlement Agreement and Release, and Dismissal with Prejudice and respectfully state as follows:

In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be

approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. Ga. 1982).

Defendants in this case asserted numerous affirmative defenses, including that Defendants were not an enterprise covered under the FLSA and even if Defendants were covered under the FLSA, Plaintiffs did not work any overtime hours for which they were not compensated. Defendants Logisticare Solutions, LLC and Red Top Transportation, Inc. further asserted defenses that neither was the employer or joint employer under the FLSA. Furthermore, Defendants asserted that Plaintiffs were not entitled to any monies under the Dade County Living Wage ordinance and that even if the Dade County Living Wage Ordinance was applicable, Plaintiffs, at all times, were paid all monies to which they were entitled under the Dade County Living Wage Ordinance.

Therefore, in order to avoid the costs and uncertainty of litigation, the Parties have compromised and negotiated a settlement in this matter. A copy of the Settlement Agreement and Release has been electronically sent to chambers for approval.

It is the Parties' contention that in light of the issues in dispute, this is a fair and reasonable settlement and should be approved by this court.

The Parties request that the court retain jurisdiction to enforce the terms of the Settlement Agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the Settlement Agreement (2) dismissing this action with prejudice against all Defendants with each party to bear its own attorneys' fees and costs as per the Settlement Agreement and (3) retaining jurisdiction to enforce the terms of the Settlement Agreement.

Respectfully Submitted,

Dated: July 21, 2011

| | |
|---|---|
| J.H. Zidell, P.A.<br>Attorney for Plaintiffs<br>300 71st Street, Suite 605<br>Miami Beach, Florida 33141<br>Tel: (305) 865-6766<br>Fax: (305) 865-7167<br><br>By:  /s/ J.H. Zidell\_\_\_<br>      J.H. Zidell, Esq.<br>      Florida Bar Number 0010121 | Richman Greer, P.A.<br>Attorney for Defendants Logisticare Solutions,<br>LLC and Red Top Transportation, Inc.<br>201 S Biscayne Boulevard<br>Suite 1000<br>Miami, FL 33131<br>Tel: (305) 373-4000<br>Fax: (305) 373-4099<br><br>By:  /s/ Diane Wagner Katzen, Esq.\_\_\_<br>       Diane Wagner Katzen, Esq.<br>       Florida Bar Number: 435635<br><br>Hankins & Ator, PL<br>Attorney for Defendants<br>36 Palmetto Drive<br>Miami Springs, Florida 33166<br>Tel: (305) 863-8525<br>Fax: (305) 863-8535<br><br>By:  /s/ Jennifer Jean Ator, Esq.\_\_\_<br>       Jennifer Jean Ator, Esq.<br>       Florida Bar Number: 120911 |